Nicole Owens
Executive Director
Deborah A. Czuba, Idaho Bar No. 9648
Mary E. Spears, Indiana Bar No. 27353-49
Assistant Federal Defenders
Federal Defender Services of Idaho
702 W. Idaho Street, Suite 900
Boise, ID 83702
Telephone: (208) 331-5530
Facsimile: (208) 331-5559
ECF:  Deborah_A_Czuba@fd.org
       Mary_Spears@fd.org

*Attorneys for Plaintiff-Intervenor Thomas Eugene Creech*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,** | CASE NO. 1:23-cv-0081-BLW |
| Plaintiff, | |
| v. | **MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE** |
| **RAUL LABRADOR**, Attorney General, Idaho Attorney General's Office, in his official capacity, | |
| Defendant. | |

Pursuant to Fed. Rs. Civ. P. 24(a)(2) and 24(b)(1)(B), Thomas Eugene Creech seeks to intervene in the above-captioned case. Although he respectfully submits he is entitled to intervene as of right, in the alternative he also seeks intervention by permission of the Court.

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE – Page 1

I. **Mr. Creech is entitled to intervene as of right**.

According to Federal Rule of Civil Procedure 24(a)(2), the Court is obliged to permit timely intervention in an action to anyone who, like Mr. Creech, has a substantial interest in the case at hand that is not adequately protected by the named plaintiff. Because Mr. Creech's circumstances are not at odds with but also not completely coextensive with Mr. Pizzuto's with respect to the State of Idaho's faux executions, intervention as of right is appropriate here.

The Ninth Circuit has set forth four requirements which must be met in order to satisfy Rule 24(a)(2): (1) the applicant to intervene must have filed a timely motion seeking such relief; (2) the applicant must have a "significantly protectable" interest in the transaction which is the subject of the action; (3) disposition of the action may "as a practical matter impair or impede" the applicant's ability to protect that interest; and (4) the applicant's interest "must be inadequately represented by the parties to the action." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006).[1] Determining whether intervention-of-right is appropriate is not subject to strict or legalistic application of these factors; instead, courts "are guided primarily by practical and equitable considerations. *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002). Finally, though the applicant to intervene has the burden of proof on these four factors, the need to protect broad access to the courts and promote efficient resolution of issues means that "Rule

---

[1] In this pleading, unless otherwise noted, all internal quotation marks and citations are omitted, and all emphasis is added.

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE – Page 2

24(a)(2) is construed broadly in favor of intervenors[.]" *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011); *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011); *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992).

In determining whether an intervention request is timely, the court considers the stage of the proceedings, any prejudice to other parties, and the reason for any delay in making the request. *Kalbers v. U.S. Dep't of Justice*, 22 F.4th 816, 822 (9th Cir. 2021). There can be no argument that Mr. Creech's motion is timely. Although the complaint survived a Rule 12(b)(6) motion to dismiss (Dkt. 26) and a preliminary injunction was entered as to Mr. Pizzuto on October 24, 2023 (Dkt. 31), the instant case is still in such early stages that discovery has not yet commenced. Nor would adding Mr. Creech as a plaintiff delay the proceedings because of duplicative discovery, which can weigh against granting intervention as of right, *see Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 955 (9th Cir. 2009); as can be seen by comparing Mr. Pizzuto's Complaint with the attached Complaint-in-Intervention, the two types of faux executions, though related, are distinct enough that this would not be an issue. Because an injunction is in place as to Mr. Pizzuto, neither he nor the State will be prejudiced by Mr. Creech joining the action. And Mr. Creech filed the instant Motion to Intervene almost immediately after the facts giving rise to his Complaint-in-Intervention, just 15 days after his botched execution on February 28, 2024.

There can likewise be no argument that Mr. Creech has a significantly protectable interest in the actions complained of in the underlying case, namely his interest in not being tortured by faux executions by the part of the State of Idaho.

But the disposition of this action may impair that interest, because Mr. Pizzuto does not adequately represent Mr. Creech's unique situation. Mr. Pizzuto was faux-executed by a State which did not have the chemicals necessary to execute him – "like dry firing in a mock execution or a game of Russian roulette[,]" in the Court's words. Dkt. 26 at 9. By contrast, as the Complaint-in-Intervention makes clear, Mr. Creech's faux execution took place in a world in which the State *did* have those chemicals but still could not deploy them – the equivalent of a gun with a bullet in the chamber but no one strong enough to pull the trigger.

Both men face the prospect of multiple execution warrants sought by a State unable to actually execute them. And both men seek the same remedy: a bar on the State's ability to obtain a death warrant until the State can demonstrate it can actually carry out an execution. But a decision covering only Mr. Pizzuto's unique circumstances – that the threat of a *pretend* execution violates the Eighth Amendment while the threat of an *attempted* execution might not – would impair Mr. Creech's interests. Conversely, this Court could issue a decision in Mr. Pizzuto's case that would extend to Mr. Creech's circumstances and affect how it would be obliged to resolve Mr. Creech's related claim, but without Mr. Creech's involvement in the matter. Mr. Creech must be permitted to intervene to make his own case to the Court, so that it may be satisfied that *both* instances of the State performing

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE – Page 4

faux executions despite no ability to carry them out violates the Eighth Amendment.

Again, the "interest" test is not a strict tally of which precise statute or provision or factual situation is at work with respect to which plaintiff. It is instead "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980); *see also Wilderness Soc'y*, 630 F.3d at 1179. Those practical concerns weigh heavily in favor of Mr. Creech's intervention here.

Discussing the question of adequate representation in a different context – that of permissive intervention as opposed to intervention as of right – the Ninth Circuit has held that intervention is inappropriate where both the original party to the action and the proposed intervenor will make the same arguments. *See United States ex rel. Richards v. Guerrero*, 4 F.3d 749, 756 (9th Cir. 1993). But this is not a concern here. What happened to Mr. Creech, though related through a common question of law and through many overlapping factual circumstances, *see also infra* Part II, is different in kind than what was done to Mr. Pizzuto. This is not, in other words, a situation where intervention as of right is not justified because "mere[ ] differences in [litigation] strategy" are all that distinguish the proposed plaintiffs. *See City of Los Angeles*, 288 F.3d at 402-03. Mr. Creech's and Mr. Pizzuto's circumstances are related but very different, and one cannot adequately represent

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE – Page 5

the other in this matter. The Court should therefore grant Mr. Creech's Motion to Intervene and find that he is entitled to intervene in this action as of right.

## II. In the alternative, Mr. Creech seeks permissive intervention.

Should the Court disagree, however, intervention by leave of the Court is more than justified as well. The factors relevant to that decision, which is left to the broad discretion of the Court, *see League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1307 (9th Cir. 1997), are similar to but slightly distinct from the factors governing intervention as of right. Mr. Creech satisfies all of them.

Specifically, Rule 24(b)(1)(B) allows for permissive intervention where the application shows (1) "independent grounds for jurisdiction;" (2) that his motion to intervene is timely; and (3) his claim and the main action share a common question or law or fact. *Perry*, 587 F.3d at 955. The Court is also required by Rule 24(b)(3) to consider whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights." *Id.* Finally, where a putative intervenor has satisfied those requirements, the Court may also consider other factors in the exercise of its discretion, such as the identity of interests between the proposed Plaintiff-Intervenor and the named plaintiff and whether those interests can be adequately represented absent intervention. *See id.*

The clear timeliness of Mr. Creech's Motion to Intervene and the fact that intervention will not delay or prejudice either of the original parties are factors addressed above; Mr. Creech incorporates those arguments here. And because his claim is premised on federal-question jurisdiction and not a separate state-law

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE – Page 6

question, the "independent ground[s] for jurisdiction" factor is likewise already satisfied. *Geithner*, 644 F.3d at 843-44; *see also Marshall v. Williams*, 476 Fed. App'x. 444, 444-45 (9th Cir. 2012). Finally, it is clear that Mr. Creech's claim and the original action share a common question of law: do a State's faux executions violate the Eighth Amendment, such that a death row inmate is entitled to protection against further warrants? Again, although the iterations of that question differ with respect to both Mr. Pizzuto and Mr. Creech, the question of law is the same between both.

This leaves only the matter, again, of identity of interests between the two parties. As Mr. Creech argued above, there is a relationship between his claim and Mr. Pizzuto's but they are not identical, *see Wilderness Soc'y*, 630 F.3d at 1179, and Mr. Pizzuto cannot vindicate his rights with respect to preventing another lethal injection execution effort that is doomed to fail before it even begins. Intervention is thus well warranted and well within the Court's discretion to permit.

## III. Conclusion

Because Mr. Creech satisfies the requirements of Rule 24(a)(2), the Court should authorize intervention as of right and need not reach the question of permissive intervention. However, because both that rule and Rule 24(b)(1)(B) are satisfied here, the Court can and should authorize intervention in any circumstance and permit the filing of Mr. Creech's Complaint-in-Intervention.

DATED this 14th day of March 2024.

                /s/ Mary E. Spears
                Mary E. Spears
                Deborah A. Czuba
                Federal Defender Services of Idaho

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which is designed to send a Notice of Electronic Filing to persons including the following:

Karin Magnelli
Lead Deputy Attorney General
12299 North Orchard Street, Suite 110
Boise, ID 83706
kmagnell@idoc.idaho.gov

Kristina Schindele
Deputy Attorney General
12299 North Orchard Street, Suite 110
Boise, ID 83706
krschind@idoc.idaho.gov

Michael J. Elia
Special Deputy Attorney General
PO Box 6756
Boise, ID 83707
mje@melawfirm.net

                /s/ L. Hollis Ruggieri
                L. Hollis Ruggieri